[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14765
Non-Argument Calendar

_____

D. C. Docket No. 06-00287-CV-J-32-MCR

RONNIE JONES,

Plaintiff-Appellant,

versus

NASSAU COUNTY CORRECTIONAL OFFICERS,
J. STOUT,
Correctional Officer,
OFC. ORR,
Correctional Officer,
W. WILSON,
Correctional Officer,
OFC. LEE,
Correctional Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 17, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ronnie Jones, a state prisoner, appeals pro se the summary judgment in favor of Nassau County Correctional Officers Stout, Orr, Wilson, and Lee and against Jones's complaint that the officers violated his civil rights under the Eighth and Fourteenth Amendments. 42 U.S.C. § 1983. The district court ruled that Jones failed to exhaust available administrative remedies under the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). We affirm.

Under section 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted." This requirement of exhaustion is mandatory. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005). We review de novo the interpretation of this provision. Id.

The record establishes that the jail provided an administrative grievance procedure, and Jones failed to comply with that procedure. Under the three-step procedure, the inmate was required to notify the supervising sergeant of any grievance and, if the matter was not resolved or the inmate was dissatisfied with the outcome, the inmate could appeal to the lieutenant and then to the captain of

2

the jail. Captain Sidney Buck recalled that Jones had become combative with officers when he received a uniform and was placed in administrative confinement. Both Buck and the sergeant in charge, Nolan Chancey, filed affidavits stating that Jones had not orally complained or filed a written grievance after the incident.

The district court was correct to enter summary judgment in favor of the officers. Jones produced no evidence that he followed the grievance procedure. Although Jones alleges that the Nassau County Jail does not have an adequate grievance procedure, the alleged inadequacy of the procedure does not excuse his failure to comply with it at all. See Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).

The summary judgment in favor of the Nassau County officers is **AFFIRMED**.